We will hear the first case on calendar, United States v. Alfrey. I see counsel here. Good morning. Good morning. Good morning. May it please the Court, Robert Culp assigned counsel for the appellant, Mr. Afrey. I was not involved in the trial proceedings or the district court proceedings. Of course, we urge all points that have been briefed and the limited time available, I'm going to try to concentrate on the jury charge issues that were raised in point one of the main brief and the reply brief. And if I have time, I'll get to a little bit of the sentencing. But it's the jury charge issues I'm going to try to focus on today. John was a junior public equity research at MSD when he was accused of knowingly trading in ADT, which a company called Apollo had sought to acquire and briefly consulted MSD's separate private equity group as to possible financing. John exercised his right to go to trial and had a viable defense that he did not knowingly and in bad faith exploit any material non-public information of MSD in violation of duty and trust and confidence owed to MSD. On a critical jury charge issue relevant to that defense, the district court chose the government's charge over defense objection on the question of defendant's good faith. Critically, while calling good faith a defense, the district court failed to instruct the jury that the government at all times bore the burden of disproving good faith beyond a reasonable doubt. This repeated the flaw in the government's request to which defense counsel had objected. This undermined the defense, leaving doubt whether it was defendant's obligation to prove good faith. I believe the district court instructed that if it proves that the defendant engaged in an insider trading scheme, it must then prove that the defendant engaged in that scheme knowingly, willfully, and with intent to defraud MSD Capital. And because an essential element of the crime is intent to defraud good faith on the part of the defendant, it's a complete defense. It's not what was asked for, I grant you that. Yeah. But why isn't that enough? It's not enough because it's important, and we cite case law on this, to emphasize that if you're calling something a defense, and he calls it a defense, good faith, a defense, it's important to emphasize that it's still the government's burden to disprove good faith. When you call something a defense, and this is a case where Mr. Freed did not take the witness stand, it does connote or imply that it was his burden. Now, the . . . No, it's just that if the government proves beyond a reasonable doubt the first element that I just explained, that is if it proves that the defendant engaged in an insider trading scheme, then it, government, must then prove that the defendant engaged in that scheme knowingly and willfully. Knowingly and willfully. But when he gets to good faith, he doesn't emphasize, and this is our point, he doesn't emphasize or even state at all that the burden remains on the government to disprove good faith. That's our point. There was a sharp contrast between the jury charge request by the defendant and that put in by the government. The government's request was basically put in word for word into the charge, although there was one additional sentence. And the defense objected to that, submitted a letter saying, we disagree with the government's charge on these various points, including that one. And their request stood in contrast to the government's submission, which, like I said . . . There was no objection. There was no objection to the good faith instruction, correct? Well . . . They may have put in their own alternative, but they didn't object to the charge as given. Your Honor, they submitted a letter objecting to the government's charge, which is a bit of an unusual practice, but they did object to the government's charge, and it was the government's charge that the court instructed. And when they had the charge conference, it's true that the defense counsel did not reiterate the objection, but it had submitted a letter, which we cite in both briefs, objecting to the government's charge. And I also cite a case where that . . . The point is that the judge was certainly on notice. Was on notice. The charge you wanted and made a decision not to grant it. Yes. Yes, exactly. But if the jury . . . Judge Jacobs asked you earlier on, if the jury was instructed that he had to act knowingly, willfully, and with the intent to defraud, I mean, that's the converse of acting in good faith, isn't it? Or the inverse of acting in good faith, isn't it? So how . . . I don't understand . . . I think you and I know that, but . . . I don't understand how the failure to charge with good faith is a common error. Because . . . It correctly states what the government's burden is. Judge, you and I know that the burden remains on the government as to . . . including the burden of disproving good faith. But I don't think the jury could understand that, especially when you're calling something a defense, not an element. And I would point out that . . . Isn't that just the kind of thing that we would know, but jurors wouldn't necessarily know? I mean, turning your argument around, calling it a defense doesn't . . . may not signal to a juror that the burden has shifted. I take your point there. We all sort of engage in these discussions not knowing what jurors really understand. But I do think the jury understands the difference between a defense and the elements of an . . . But how is the jury misled? If they know what the government has to prove, then how is the jury misled? Because the court has properly . . . This concept of good faith has been introduced, but it's called a defense. And the jury is not told that despite it being a defense, it's something that the government must disprove. If I can turn something else around . . . The government, on a different point, gave us some sample jury charges in this case. I can hardly find a case where they don't make that point, that the burden of proof is on the defense. Perhaps I should move on. I'm sorry, the burden of proof is on the government. I saw you smiling, Judge Wesley. Forgive me. You're as human. Yes. We wouldn't have jobs. Our other point there is that . . . And this is a theme . . . I see the yellow light is on. This is a theme that runs across all of our jury charge objections. The court didn't put any bones on that instruction. It just said that good faith is a defense. And the defense had asked for something that was more akin to a theory of the defense. The charge simply said the law is not violated if the defendant held an honest belief that his actions were proper. But the defendant had said that honest belief that information was not material or that it was public rather than non-public is a good defense if inside information was material and non-public. It went to the heart of the defense in this case that there was not knowingly or in bad faith exploitation of material non-public information. We see this . . . It wasn't willful. Exactly. It was not . . . But the government did have to prove, right? The government had to prove willful, but the jury . . . I think I've made my point. The jury was told that there's this defense. I have to satisfy myself. Your light's almost on, so I have to satisfy myself before it goes on. The PSR Citizens Fellow graduated from Cornell, which I happen to share a bond with. Is that true? Did he graduate from Cornell? Absolutely. Absolutely, Your Honor. Were you in law school or just . . . No, no. We also have 12 . . . Cornell undergraduate. I see. Very bright man. Fine institution. Junior. Fine institution. Two of my uncles went there. Before we get sidetracked . . . Okay. . . . on alumni affairs . . . Right. Let me ask you to talk briefly, and I know from your point of view hypothetically, about one aspect of the sentence, which is the profit that was made from an investment following the . . . above and beyond what the government contends was made on the illegal trades. That one, Your Honor, it's a complicated issue, and I deliberately excluded it from my list of things to walk up here and try to emphasize because it requires several steps that . . . It's kind of as mind-boggling for us as it is for you, so . . . Yeah, and it was a little surprising not to see more case law on this topic, but basically with . . . We're talking about forfeiture, of course. Yes. Yeah. So, you've got 981A2A and A2B, and there's a contrast between them. One is lawful behavior, essentially, doing something illegal and otherwise legal activity, and the other is something that's inherently illegal, and the government does not disagree that this is . . . Otherwise . . . But the trading with money that is alleged to have been illegally acquired, the trading afterward was legal activity. Exactly, exactly, and that's the short version of our argument, but we're also contrasting these two provisions in the forfeiture statute where they define proceeds, and one does mention the possibility of indirect proceeds, which might encompass such activity, but the problem is that's not the provision of the statute that the government relies on here. That's the one that relates to inherently illegal activity, and, of course, you've got the crazy case where the guy with the drug money bought the lottery ticket, and that's not a Second Circuit case anyway, but I suppose that's indirect. What if he obtained these funds by selling cocaine and then invested them in the market and made $2 million with . . . Well, the cocaine would shift them to the different paragraph with the inherently illegal activity, so I . . . Except that investing in the market is not . . . it's inherently risky, but it's not inherently illegal. Although trading and inside information is inherently illegal. Right. It's a different section. But this court, and I don't think the government disputes this, that these cases fall under the . . . don't fall under the inherently illegal activity. I mean, that's . . . I don't think there's any dispute on that. So, I think it's a . . . there's more to the argument, and I see the red light has been on for a while, but I . . . Perhaps it's better phrased as a challenge to the government. So, you've . . . Yes. . . . a couple minutes rebuttal. Okay. Thank you. Thank you, then, Mr. Clark. Thank you. Thank you. May it please the Court, Edward Imperator for the government. I have represented the government below in the district court and in this court on appeal. This court should affirm the judgment of the district court in all respects. The district court committed no procedural . . . You've agreed to a limited remand, haven't you? On the issue of restitution, Judge Pooler, to allow Judge Engelmeyer to classify certain expenses. Expenses. Yes. With that exception, there is no procedural error here, much less plain error in the district court's jury instructions on good faith and relationship of trust, nor did the district court commit any plain error in admitting the testimony of an MSD employee. Finally, the district court committed no errors in determining the loss amount and the forfeiture amount in this case. Well, your adversary argues that the court really declined to charge the particulars of the only defense that this defendant had, and that is an honest belief that information was not material or that it was public rather than non-public, and that is a good defense, defense, even if inside information was material and non-public. Isn't that a better statement, a clearer statement of the only defense that this defendant advanced at trial? We disagree, Judge Jacobs, and the reason is that under this court's precedent in Holland, all that is required is that there be an instruction that clearly sets forth the legal requirements, and this was a . . . turning to the theory of the defense, the instruction that was actually given by Judge Engelmeyer, as Judge Engelmeyer correctly observed, gave the defendant everything he needed to mount that defense. No particular words were required. The instruction that the defendant actually proposed where he said that it was a quote-unquote good defense is actually misleading. There was no requirement that that instruction, no legal requirement that it be given, and the defendant certainly had everything in that instruction he needed to mount the defense in the argument to the jury. I would also note, Your Honor, that the standard here . . . But what I just read you is a fair statement of the law, is it not? I mean, what was proposed by the defendant in the sentence I read is a fair statement, is it not? I don't know that we would agree that something is a quote good defense. I don't think that characterizing something as a good defense is a correct statement of the law. I mean, it is correct that if the defendant believed in good faith that he were not trading on MNPI, then that would be a defense. But the point is that Judge Engelmeyer's instruction already correctly put the burden of proof on the government. It correctly said that . . . explained what good faith was and said it was a complete defense, and that was all that was required. This Court's precedence in cases like Doyle and Dupre make clear that the judge is not required to adopt the defendant's proposals on good faith, and that this was legally correct as given, and it certainly was not plain error. I want to just briefly address the burden of proof here, the point that there was an objection. There was no such objection. All Afriye did before trial was he submitted a letter to the district judge in which he said that the government's proposal on good faith was insufficient and the district court should give Afriye's proposed instruction. That is plainly insufficient under Rule 30D and this Court's precedent in Crowley. The reason for that is, as this Court explained in Crowley, things change as the trial develops. The judge's understanding of things changes. In this case, the defendant was actually, during the charge conference, given the full opportunity to object. He never objected. The judge said, is there anything on page 24? He never responded. Clearly, this would have been an opportunity for him to raise this issue and put Judge Engelmeyer . . . Five days before trial started, under this Court's precedent in Crowley and under Rule 30D, that is insufficient. That was never an objection to the judge's proposed charge. That was simply commentary on what the government had proposed in its request to charge. That is insufficient under the law. Are you of view then he was required to renew that objection or say, I stand on my letter or something else to indicate that he still had an objection? That's correct. That is the legal requirement, Judge Pooler. He didn't submit a requested charge on the good faith, did he? Yes, Judge Wesley. He did submit a requested charge on good faith. Beginning? Before trial. To put it differently, the judge made this observation that the good faith instruction gave Frey everything he needed. He clearly could have stood up and said, Judge, we have problems with this instruction for a couple of reasons and given the district court the ability to address it. That never happened. Therefore, the plain error standard applies. There certainly is no plain error here. As this court made clear in Doyle, there is no legal requirement that the district court instruct that it's the government's burden to disprove good faith or to prove bad faith. It is simply sufficient that the district court instruct the government's burden to prove willfulness and that good faith is a defense. That is exactly what took place here. That was all that was legally required. Let me briefly move to questions about forfeiture. I think the defense is conflating different issues in making this forfeiture argument about capturing the proceeds that were . . . The profits, actually. The profits. Let me just take a step back and explain. Here, the forfeiture standard is governed by 28 U.S.C. 981A1C, which permits forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. It's the derived from language that is at issue here. The derived from really gets at what happens to the proceeds of the scheme. In this case, the evidence showed that all of the proceeds that were initially in the account were proceeds of insider trading. The defendant then took those proceeds to engage in additional trading. There was no evidence that that was illegal trading. Not trading in ADT stock, but in other things? In another stock. That's correct. He was a good trader? With respect to that particular trade, he did profit, yes. I mean, after he had the proceeds, he then made money on that money because he was good at it, correct? Well, yes. I believe he engaged in some additional equities trading, and he made money on those trades, yes. The point is that under the law, you can't take criminal proceeds and then turn them into more money and get to pocket the difference. The whole point of forfeiture is to disgorge the defendant of his ill-gotten gains and to put him back in a position where he started. It would be illogical under the law if the defendant, for example . . . If he deposited the money, but he also had a sum of money of equal amount, and then he traded and made more money, then it would be a problem of tracing, wouldn't it? Here, it's directly related to he trades on insider information, he gets X amount of dollars, then he grows X amount of dollars to X plus 2 or X plus 1 million. But for not having had X, he wouldn't have been able to trade legally and get X plus 2, correct? That's exactly right, Judge Wesley. The money that was used to generate the lawful proceeds . . . What do you make of his argument that this is different than a drug transaction or money laundering because those fall under a different section? That's just inaccurate as a matter of law. Again, the language is in 981A1C, it's the derived from language. And it's from the illegal activity. Yes, and so the idea is he's got proceeds and then the lawful, we'll call it the lawful trading, was derived from the proceeds of the scheme. Hypothetically, the defendant makes $25,000 in insider trading, deposits it into an account that already has $50,000 in it. Now, he's got $75,000, takes out $25,000 and makes a very successful investment. That's not traceable, correct? Well, I think under this court's precedent in Walsh, there would have to be some sort of tracing analysis done to a portion, but that is not this case because there was no commingling of funds. You had no other money except the money that he achieved through insider trading? That's correct, Judge Pooler, and I would also note that . . . That would seem to be a limitation on your argument to the facts of this case. In other words, you would prevail on this, assuming we reach the issue, right? Well, there's no reason to reach the other one. We only have the facts in front of us of . . . Yes, but . . . . . . who's traded on proceeds that are . . . The rationale . . . . . . for which he's convicted. Judge Jacobs, I don't think the court gets there because, bear in mind, this is not an issue about sufficiency of the evidence. This is an issue about jury instructions. There was a forfeiture determination by the jury. The jury was instructed on how it could determine what the forfeiture amount was. The defendant was the one who requested a forfeiture jury instruction, so the only question is whether the jury was properly instructed. There was no objection. I don't even think the defendant is objecting now to the forfeiture instructions, so the standard is, at best, for the defendant, plain error. So, certainly, there's no plain error in Judge Engelmeyer's instructions on how the jury could make that determination. I see I'm out of time. Unless the court has any other questions, the government will rest on its submission. We'll hear rebuttal. Is that the standard, plain error? No. Why? Sufficiency. He's right that there was no objection to the charge, so if you're focused on the charge, yes, the standard is plain error, but we also object to . . . What's the insufficiency? Insufficiency is the argument we've made that the law does not cover this kind of account appreciation and that, therefore, the evidence is insufficient. I recognize that as far as what was said to the . . . The jury charge was whether it was derived or not. You don't object to that. So the jury makes a determination as to whether these profits were derived from the proceeds of his illegal insider trading, right? Right. So that's a fact question, isn't it? Right. That's why I'm saying . . . Well, how is it insufficient? You don't think the proof was . . . there was no proof that he traded and he only used money that he derived from insider trading to make the subsequent trades? What we're saying is that . . . Not a hard question. Maybe I'm not understanding it, but . . . What was the proof? Was there . . . you're saying there's a failure of proof as to that he only used money derived from insider trading? We're saying the law does not cover this kind of indirect appreciation. Then that's a law question. I'm sorry? That's a law question. Sure it is. Well, you just told me it was a fact question. I mean, when you examine insufficiency, you start with the law. What's insufficient about it? The . . . Where's the insufficiency? The insufficiency is . . . Your Honor, I'm not saying that there's a particular fact that's missing. Let me ask you this. If you told someone, a client of mine got a million dollars because he traded illegally, and then he made another million dollars with that million dollars, do you think that someone on the street would say, well, that was derived from the illegal trading, those are the proceeds? I'm not arguing that point, Your Honor. What I'm saying is that because the law . . . we are saying that because the law doesn't cover this, you can examine it through the lens of insufficiency. I don't disagree that there was no objection to that aspect of the jury charge, but the Supreme Court has told us in a case that starts with an M, I think it's in my reply brief, that when you examine sufficiency, it's a Justice Thomas case, it was in the last couple of years, that when you examine sufficiency, you start with what the law is, not what was charged to the jury. That's what I'm saying, that the law does not cover this . . . Is that about McFadden? No. It's in my reply brief. I don't want to take up too much time, but it's in my reply brief, I believe. It starts with an M, and I'm sorry to . . . I didn't . . . Did you move in the district court to strike the verdict because of . . . There was a Rule 29 motion in the district court, like most . . . Okay. Including at the end of forfeiture. Okay. Like most Rule 29 motions, it was a thirty-second conversation. The judge basically denied it before. I'm still having trouble with the . . . Is it insufficient because it didn't show that it was directly related to the money he got from illegal trading? Or that it couldn't possibly, as a matter of law, be deemed as . . . It couldn't possibly, under the law. Okay. That's the argument. I know it doesn't sound like insufficiency, because I'm not pointing to some critical building block that's missing. I'm relying on the law, but I'm saying I can make this argument under a sufficiency heading without being accused of waiver. If I could just . . . I beg the court's indulgence on the earlier discussion. There's a contrast between . . . On the issue of the good faith, there's a contrast between the Doyle case and this case. In Doyle, the court said, a defendant's conduct is not willful if it was the result of good faith, understanding that he was acting within the requirements of the law. Now, the judge in Doyle doesn't call it a defense, doesn't separate it out. That's my point in distinguishing Doyle. I just want to say that on the other jury charge issues that I didn't really get a chance to get into, there's a common theme that the judge gave these very bare bones . . . I call them circular in my brief, definitions of things. Like, for example, intent to defraud. The court, for all intents and purposes, says that it knew of the fraudulent nature of the scheme and with intent that it succeed. It should have focused on intent to deprive MSD of its confidential information. That's what the case was about. That's what defendant's defense was about. Nothing stopped defendant's counsel from making . . . On that one, I don't have . . . I understand. And the same with the fiduciary duty issue. The judge says, oh, there's a fiduciary duty when both sides think there's a fiduciary duty. Should have given the language in Chessman. And this is one thing I wanted to get into today, and I realize that . . . We have your brief. Fortunately, you've got my brief. So, I just wanted to highlight that and otherwise thank the court. Musacchio starts with an M. Yes, thank you. Musacchio, yes. Thank you. Thank you both. We'll reserve decision.